c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CAUSEY'S PHARMACY, INC. *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:17-CV-01391 |
| VERSUS | JUDGE DRELL |
| PRAESES, LLC, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 10) filed by Plaintiffs Causey's Pharmacy, Inc. ("Causey's"), Steven T. Boyd, and LeAnn Causey Boyd ("the Boyds") (collectively "Plaintiffs"). Plaintiffs allege no federal question jurisdiction exists and, alternatively, that removal is untimely. (Doc. 10). Defendant Praeses, LLC ("Praeses") opposes the motion. (Doc. 16). Plaintiffs' Motion to Remand (Doc. 10) should be granted for lack of jurisdiction. Because Praeses demonstrated an objectively reasonable basis for removal, Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 10) should be denied.

I. Background

Plaintiffs filed suit in the Tenth Judicial District Court, Natchitoches Parish, Louisiana, against Praeses. (Doc. 1-2). Plaintiffs allege Causey's entered into a Technical Service Agreement ("TSA") with Praeses on September 13, 2010. (Doc. 1-2). Plaintiffs claim they entered into a First Amendment to the TSA ("First Amendment") on June 10, 2011. Plaintiffs aver that the purpose of the TSA and First

1

Amendment was to develop, promote, market, and otherwise commercially operate a mobile application ("PocketRx") which allows users to submit prescription refill requests. (Doc. 1-2). Plaintiffs claim Causey's was paid monetary consideration arising from the TSA and First Amendment. (Doc. 1-2). Causey's states they assigned any right, title, and interest in PocketRx to the Boyds in June 2015. (Doc. 1-2).

Plaintiffs claim Praeses was granted a Registered Trademark for PocketRx by the United States Patent and Trademark Office ("USPTO") on October 8, 2013. (Doc. 1-2). Plaintiffs allege Praeses sold PocketRx to a third party, Digital Pharmacy, Inc. ("Digital Pharmacy"),[1] without prior written amendment to the TSA or First Amendment, or any written acknowledgment, waiver, or consent. (Doc. 1-2).

Plaintiffs aver Praeses tendered an Acknowledgment and Satisfaction of Obligation and Release from Preases (the "Release Agreement"). Plaintiffs state the Release Agreement was tendered for consideration of 9.5% of the purchase price paid by Digital Pharmacy (Doc. 1-2). Plaintiffs allege the TSA and First Agreement were breached. (Doc. 1-2). Plaintiffs seek monetary damages, attorney fees, and judicial interest. (Doc. 1-2).

Praeses removed, asserting federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. 1). Praises alleges it received "other paper" from Plaintiffs clarifying the nature of Plaintiffs' claims, which Praises asserts will require application and interpretation of the Copyright Act

---

[1] Plaintiffs allege Digital Pharmacy, Inc. is a corporation organized under Delaware law, and is formerly known as RxWiki, Inc. (Doc. 1-2).

under 17 U.S.C. § 101, *et seq.* (Doc. 1). Praises argues Plaintiffs claim an ownership interest in PocketRx, a mobile application developed by Preases. (Doc. 1). Praeses asserts any state law claim related to ownership of PocketRx is preempted by the Copyright Act under 17 U.S.C. § 301. (Doc. 1).

Plaintiffs filed this Motion to Remand (Doc. 10), asserting this Court has no federal question jurisdiction. Rather, Plaintiffs allege they seek to enforce the provisions of the contract between Causey's and Praeses. (Doc. 10-1). Plaintiffs further allege even assuming federal question jurisdiction exists, removal is untimely. (Doc. 10). Plaintiffs seek attorney's fees and costs for improper removal. (Doc. 10). Defendants oppose remand. (Doc. 16).

II. Law and Analysis

    A. Federal Question Jurisdiction

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. See St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988); Scarlott, 771 F.3d at 887 (citing Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)). Any doubts as to removal

must be construed against removal and in favor of remand. See Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000), cert. den., 530 U.S. 1229 (2000) (citing Willy, 855 F.2d at 1164).

The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

Yet, the plaintiff may choose to forego the federal claims in order to prevent removal. "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. This right, however, is trumped where the area of law is preempted by federal legislation. Id. at 393.

B. **Copyright Preemption**

Federal district courts have exclusive original jurisdiction over claims arising under congressional acts relating to copyrights. 28 U.S.C. § 1338(a). The Copyright Act expressly preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a); see also Daboub v. Gibbons, 42 F.3d 285, 288 (5th Cir. 1995). But, "[i]t is well settled that not every case involving federal copyright laws 'arises under' those laws such that federal jurisdiction is proper pursuant to § 1338(a)." Crooks v. Certified Computer

Consultants, Inc., 92 F.Supp.2d 582, 586-87 (W.D. 2000) (citing Schoenberg v. Shapolsky Publishers, Inc., 971 F.2d 926, 931 (2d Cir. 1992)).

In determining whether a state law claim is preempted by federal copyright law, a court must apply a two-part test. Carson v. Dynegy, Inc., 344 F.3d 446, 456 (5th Cir. 2003). First, the court examines whether the claim falls within the subject matter of copyright. Id. Second, the court looks to whether the state law cause of action protects rights that are "equivalent" to any of the exclusive rights protected by copyright, which include the right to reproduce, distribute, perform, and display the copyrighted work. Id.; 17 U.S.C. §106.

In order to prove copyright infringement, a plaintiff must prove two elements: (1) ownership of the copyrighted material; and (2) copying by the defendant. Computer Management Assistance Co. v. Robert F. DeCastro, Inc., 220 F.3d 396, 400 (5th Cir. 2000). If the plaintiff's state law causes of action involve the ownership of subject matter potentially appropriate for protection under the Act and copying by the defendant, with nothing more, then the claims are preempted. A state law cause of action is equivalent to these rights if "the elements in plaintiff's [state law action] involve elements that would not establish qualitatively different conduct by the defendants than the elements for an action under the Copyright Act." Daboub, 42 F.3d at 290 (quoting Quincy Cablesystems, Inc. v. Sully's Bar, Inc., 650 F.Supp. 838, 850 (D.Mass.1986)).

Stated differently, a state law cause of action is not preempted if an "extra element" exists that makes the cause of action qualitatively different from a copyright

5

infringement claim. See Rosciszewski v. Arete Associates, Inc., 1 F.3d 225, 230 (4th Cir. 1993); Computer Associates Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992); Taquino v. Teledyne Monarch Rubber et al., 893 F.2d 1488, 1501 (5th Cir. 1990).

      C.    **Plaintiffs' answers to discovery served as "other papers" from which Praeses ascertained the case had become removable.**

Timeliness of removal is governed by 28 U.S.C. § 1446. Section 1446 provides two thirty-day windows during which a case may be removed. Notice of removal shall be filed within 30 days after the defendant receives the initial pleading if that pleading discloses a basis for removal. 28 U.S.C. § 1446(b)(1). However, if that pleading does not disclose a basis for removal, then the defendant may remove the first thirty days after the defendant receives "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); see Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992), cert. den., 507 U.S. 967 (1993).

While it is true that 28 U.S.C. § 1446 allows removal after receipt of "other paper" from which it may first be ascertained the case is removable, the rule ordinarily has no application in federal question cases. The "other paper" issue typically arises in diversity cases, often by a later document that demonstrates, for the first time, that the amount in controversy is met. See Eggert v. Britton, 223 Fed. Appx. 394 (5th Cir. 2007) (unpublished). However, federal question jurisdiction must appear clearly from the face of the complaint. See St. Paul Reinsurance Co. Ltd., 134 F.3d at 1253; Rivet, 522 U.S. at 475.

6

In limited circumstances, courts have looked to 'other paper' to establish federal question jurisdiction, such as to clarify that a plaintiff's state law claim is one that would be preempted by federal law. See Eggert, 223 Fed. Appx. at 397; see also Peters v. Lincoln Elec. Co., 285 F.3d 456, 468-69 (6th Cir. 2002) (examining deposition testimony to clarify the nature of the existing claim).

Plaintiffs assert removal was untimely. (Doc. 10-1). Plaintiffs argue the initial Petition contained allegations for breach of contract and the contract itself was attached to the Petition. (Doc. 10-1). Plaintiffs argue Praeses was fully aware of all of the allegations and bases therefore, at the time of the initial pleading. (Doc. 10-1). Thus, Plaintiffs assert that the first thirty day window under 28 U.S.C. § 1446(b)(1) applies, and that the exception of "other papers" is inapplicable. (Doc. 10-1). Plaintiffs further argue, even assuming federal question jurisdiction, "other papers" is not triggered by their responses to requests for admissions because Praeses did not become aware of any new facts, information, documents, or other events which it was not otherwise aware of from the initial pleading. (Doc. 10-1).

The parties agree that the case is not removable on the face of the complaint. (Docs. 10, 16, 22). The original Complaint does not contain reference to a federal claim so as to place Defendants on notice for removal purposes. Praeses alleges it sent requests for admission of fact to each of the Plaintiffs to: "Admit or deny that you do not claim any ownership interest in PocketRx." (Doc. 1). Praeses argues that on October 10, 2017, Plaintiffs served written responses on Praeses, "clarifying that they are asserting a 'royalty interest' in PocketRx." (Doc. 1). Plaintiffs' response

7

stated it "denies that it does not claim an ownership interest in PocketRx," and that Plaintiffs "did and continue to have a royalty interest in PocketRx." (Doc. 10-1).

Praeses avers that Plaintiffs' response serves as "other paper" from which Praeses ascertained that the case involves the application and interpretation of federal copyright law under 17 U.S.C. § 201. (Doc. 1). Praeses argues Plaintiffs' state law claims are completely preempted by federal copyright law. (Doc. 1). Praeses removed the matter to federal court on October 26, 2017, within 30 days of receipt of Plaintiffs' response ("other paper"). (Doc. 1).

Usually where the federal claim is mentioned somewhere other than the complaint, it simply does not exist. See Eggert, 223 Fed. Appx. at 397. There is no clear guidance from Louisiana district courts regarding what constitutes "other paper" in the context of a copyright preemption exception to the well-pleaded complaint doctrine for the exercise of federal question jurisdiction. However, for the exercise of diversity jurisdiction, discovery responses clarifying the amount in controversy has been held to be "other paper" from which it could be ascertained the case was removable. See Freeman v. Witco, Corp., 984 F.Supp. 443 (E.D. La. 1997) (finding the plaintiff's response to a request for admission constituted "other paper" under § 1446(b) sufficient to trigger the time period for removal); see also Chapman, 969 F.2d at 160 (holding that an interrogatory response by the plaintiff that his damages exceeded the jurisdictional amount constituted "other paper" for purposes of removal under § 1446(b)).

8

Plaintiffs' response serves to clarify the nature of Plaintiffs' existing claims of ownership or non-ownership of PocketRx. See Eggert, 223 Fed. Appx. at 397 (discussing Peters, 285 F.3d at 468-69; Trotter v. Steadman Motors, Inc., 47 F.Supp.2d 791, 792 (S.D. Miss. 1999) (deposition testimony that does not tend to merely clarify the federal nature of an existing claim but relates to a putative claim which has not been pled, is not "other paper" from which it may be ascertained the case is or has become removable.). Here, Plaintiffs' response to Praeses's request for admission that "denies that it does not claim an ownership interest in PocketRx" clarified that Plaintiffs' existing claims potentially include ownership of the software application, which Preases argues require analysis of federal copyright claims.[2]

Praeses timely removed within the 30 day window triggered by Plaintiffs' written responses to discovery – "other paper" – in which Praeses ascertained the claim could be removable under federal copyright preemption.

D. **Plaintiffs' breach of contract claims involve an "extra element" that precludes copyright preemption.**

Praeses argues Plaintiffs' state law claims for breach of contract are preempted by the federal Copyright Act.[3] Here, Plaintiffs did not raise a federal question in their petition in state court. Plaintiffs argue that even if they were claiming an ownership interest, such does not, in and of itself, trigger federal question jurisdiction. (Doc. 10-

---

[2] Software programs are subject to copyright law. See Recursion Software, Inc. v. Interactive Intelligence, Inc., 425 F.Supp.2d 756, 764 (N.D. Tex.2006); Center Point Software, Inc. v. Nugent, 903 F.Supp. 1057, 1060 (E.D. Tex. 1995) (citing Vault Corp. v. Quaid Software Ltd., 847 F.2d 255, 259 (5th Cir. 1989).

[3] Praeses asserts Plaintiffs' claims of ownership to PocketRx require application and interpretation under the Copyright Act, such as in a "work for hire" context under 17 U.S.C. § 201. (Docs. 1, 16).

9

1). Plaintiffs assert their response "denies that it does not claim an ownership interest in PocketRx" and that they "did and continue to have a royalty interest in PocketRx." (Doc. 10-1). Plaintiffs argue the claim is simply a breach of contract claim, as per the contract attached to the original Petition, and that their response in no way altered or amended the allegations. (Doc. 10-1). Plaintiffs assert the obligation to pay a "royalty" (whether or not the proper term) is encompassed in the obligation to pay 9.5.% "of all collected revenue generated from licensing or support of PocketRx" as set forth in the First Amendment. (Doc. 10-1).

The Fifth Circuit has found that contract claims involve an "extra element" when the claims allege, for example, failure to pay royalties or commissions, failure to provide accountings, disputes over assignment of a contract, misuse of funding, representing a competing company, processing data for third parties, and solicitation of customers. See, e.g., Computer Associates, 982 F.2d at 717; Taquino, 893 F.2d at 1501; Trevino, 2002 WL 1363891 at *2 n. 10 ("The ownership claim is not likely one 'arising under' federal copyright law because the sole issue appears to be whether Trevino contractually assigned . . . his ownership rights to the federal copyrights."); Asunto v. Shoup, 132 F.Supp.2d 445, 451-52 (E.D. La. 2000) ("[T]he promise that is implicit in every contract, but not necessary in an infringement action, provides the extra element that precludes preemption."); Crooks, 92 F.Supp.2d at 586-87.

In other words, when the "controlling issue involves a dispute over title to a copyright arising from an alleged breach of contract . . . dependent upon principles of common law and equity, not the federal copyright laws," the case is not preempted by

10

the Copyright Act. Goodman, 815 F.2d at 1032 (quoting Rotardier v. Entertainment Co. Music Group, 518 F.Supp. 919, 921 (S.D.N.Y.1981)). A breach of contract claim is preempted when the claim "arises directly from the [Copyright Act]" and "resolution of the central issue in [the] case depends upon the application [sic] of [the] statutory definition [of the Copyright Act]." Id. (quoting Lieberman v. Estate of Chayefsky, 535 F.Supp. 90, 91 (S.D.N.Y.1982) (finding that, unlike a breach of contract claim in which copyright ownership is based on an assignment, a breach of contract claim in which ownership is based on co-authorship arises directly from the Copyright Act)).

However, even assuming Plaintiffs' claim includes ownership rights to PocketRx, Plaintiffs' claims – that is, breach of contract, including failure to pay "royalties" – constitute an "extra element" that changes the nature of the action, making it qualitatively different from a copyright infringement claim. See Crooks, 92 F.Supp. at 587; Taquino, 893 F.2d at 1501; Dorsey v. Money Mack Music, Inc., 304 F.Supp.2d 858 (E.D. La. 2003). Absent complete preemption, the artful pleading doctrine cannot apply, and the plaintiff's choice to assert only state law claims precludes removing the case to federal court. See Owens ex rel. Owens v. Catholic Diocese of Jackson, Mississippi, 169 F.Supp.2d 588, 593–94 (citing Waste Control Specialists, L.L.C. v. Envirocare of Texas, Inc., 199 F.3d 781, 784 (5th Cir. 2000), withdrawn and superseded in part on other grounds, 207 F.3d 225 (5th Cir. 2007), cert. den., 531 U.S. 956 (2000)); see also Redus v. University of the Incarnate Word, 61 F.Supp.3d 668, 675 (W.D. Tex. 2014).

Plaintiffs' state law claims are not completely preempted by the Copyright Act, and thus removal is not proper. The federal court does not decide the viability of a plaintiff's state law claims; that is for the state court to decide. Owens, 169 F.Supp.2d at 593–94 (citing Waste Control Specialists, 199 F.3d at 784). Remand is warranted.

### E. Attorney's Fees

An order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). However, an award of attorney's fees on a motion to remand is not automatic under Section 1447(c). Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). A district court may only award payment of fees and costs under Section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. Hornbuckle v. State Farm Lloyds, 385 F.3d 538 (5th Cir. 2004).

The stated basis of Praeses's removal was that Plaintiffs' response to Requests for Admission showed Plaintiffs claim ownership rights under federal copyright law, creating federal jurisdiction. (Doc. 1). The removal in this case was objectively reasonable as Praeses demonstrated a reasonable basis to believe removal was legally proper. Plaintiffs' motion for attorney's fees and costs (Doc. 10) should be denied.

### III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiffs' Motion to Remand (Doc. 10) be GRANTED for lack of subject matter jurisdiction, and this case be REMANDED to the Tenth Judicial District Court for the Parish of Natchitoches, State of Louisiana.

IT IS FURTHER RECOMMENDED that Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 10) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of April, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge